IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LISA Y. KASEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:14cv00143 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By: Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on August 14, 2015, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Lisa Y. Kasey has filed objections to the report and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that

> was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F.

2

App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[1]

In this case, Kasey objects to the magistrate judge's conclusion that the administrative law judge's (ALJ) decision is supported by substantial evidence. Taking the report and recommendation section by section, Kasey objects to each of the magistrate judge's findings in that regard, essentially reiterating the same arguments raised in her summary judgment brief. Such general and conclusory objections do not warrant de novo review. Veney, 539 F. Supp. 2d at 844-46.

To the limited extent Kasey objects to specific findings in the report, however, the court has reviewed de novo those portions of the report and, for the reasons set forth herein, overrules her objections.

---

[1] Detailed facts about Kasey's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 22) and in the administrative transcript (ECF No. 10). As such, they will not be repeated here.

3

## A.

In his report, the magistrate judge determined that substantial evidence supports the ALJ's decision to give no weight to the opinion of Kasey's treating physician, Dr. Wagner. Report & Recommendation, ECF No. 22, at 5. Dr. Wagner filled out a Medical Source Statement of Ability To Do Work-Related Activities (Physical) on October 25, 2012, in which he indicated Kasey could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk less than 2 hours in an 8-hour workday, sit less than 2 hours in an 8-hour workday, occasionally balance, kneel, crouch, crawl and stoop, and occasionally reach, handle and finger. (Administrative Record, hereinafter "R." at 321-24.) Dr. Wagner opined that Kasey would be absent from work more than 3 days per month on account of her impairments and that her condition had existed for "years." (R. 324.) Dr. Wagner made note on the form of Kasey's "severe neuropathy," "loss of sensation," and "weakness in lower extremities." (R. 324; see also R. 322.) In his report, the magistrate judge found a lack of objective medical evidence in the record to support Dr. Wagner's opinion, specifically noting the fact that Dr. Wagner did not diagnose Kasey with neuropathy until August 2012. The magistrate judge further found that while other treatment notes in the record suggest Kasey developed neuropathy by 2011, the severe degree of limitation indicated in Dr. Wagner's medical source statement is not borne out in the objective medical findings reflected in those treatment notes. Report & Recommendation, ECF No. 22, at 5-6.

In her objections, Kasey asserts the medical records document her complaints of tingling and pain in her extremities as far back as 2010, lending support to Dr. Wagner's opinion that her condition has existed for "years." She argues:

> The Report and Recommendation faults plaintiff for medical providers not diagnosing her with diabetic neuropathy earlier than Dr. Wagner's diagnosis in August of 2012. The Report and Recommendation notes that plaintiff reported the burning pain in her low back radiating down her leg was the result of a car accident in April of 2010 and not from diabetic neuropathy. Plaintiff is not a

4

> physician and not capable of diagnosing herself. What is significant
> is that the evidence of record documents plaintiff's complaints of
> tingling and pain in her extremities back to April of 2010.

Pl.'s Obj., ECF No. 23, at 1-2 (internal citations omitted). Indeed, the magistrate judge accurately identified medical records that reflect Kasey's complaints of neuropathic-type symptoms from October 2009, April 2010, October 2011, November 2011, August 2012, October 2012, December 2012 and February 2013. Report & Recommendation, ECF No. 22, at 6-7. Regardless of how Kasey's symptoms are characterized in the medical records—as neuropathy-related or as the result of a car accident—her subjective complaints alone do not substantiate the severe degree of limitation set forth in Dr. Wagner's medical source statement. The magistrate judge correctly found the objective medical evidence does not support the level of restriction imposed by Dr. Wagner and, as such, the ALJ's decision to give no weight to Dr. Wagner's opinion is supported by substantial evidence.

In his decision, the ALJ explained:

> Regarding her physical impairments, the claimant's diabetes mellitus is quite severe. She apparently has some neuropathy and some lower extremity ulcers. However, progress notes from New Horizons Healthcare and Dr. George Wagner do not show in the claimant's subjective complaints or clinical exams, findings that would reduce her to occasional manipulative operations or less than sedentary work (Exhibits 1F, 7F, 12F, 14F). . . .

(R. 21.) The ALJ went on to discuss in great detail the medical evidence and the lack of justification for the limitations imposed by Dr. Wagner. (R. 22-23.) Of note, Dr. Wagner's progress notes reflect no functional limitations or findings upon examination related to Kasey's complaints of burning and tingling extremity pain. Dr. Wagner prescribed medication – Cymbalta (R. 262), Neurontin (R. 475, 478), and Effexor (R. 510)—in response to such complaints but made no other findings. In a 2011 consultative examination, Dr. Humphries observed only mild reduction in range of motion of Kasey's back and hips, and he noted that her lower extremity range of motion was

5

"within normal limits in knees and ankles without significant tenderness, heat, swelling or deformity, except mild synovial thickening of some of the IP joints." (R. 300.) She had full range of motion in the upper extremities, intact nerve function bilaterally, normal strength in both lower extremities, and "no specific motor or sensory loss of the extremities." (R. 300.) There is simply no medical evidence that supports the degree of functional limitation set forth in Dr. Wagner's opinion.

The ALJ discharged his duty under 20 C.F.R. § 416.927 and adequately explained his reasons for the weight given to Dr. Wagner's opinion in this case. The magistrate judge correctly concluded that substantial evidence supports the ALJ's decision in this regard. As such, Kasey's objection will be overruled.

## B.

Kasey's second objection is simply a reiteration of the argument she raised in her summary judgment brief—that the ALJ improperly rejected the opinion of Dr. Wagner that she can only occasionally reach, handle and finger and, therefore, did not properly consider the combined effects of her impairments. See Pl.'s Summ. J. Br., ECF No. 16, at 16-17. Kasey points to no error in the magistrate judge's analysis of this argument other than his conclusion that the ALJ properly considered the combined effect of her impairments. See Pl.'s Obj., ECF No. 23, at 2-3. This general objection does not warrant de novo review. In any event, as previously explained, the court finds no error in the magistrate judge's conclusion that substantial evidence supports the ALJ's decision to reject Dr. Wagner's opinion as to Kasey's functional limitations. Kasey's argument therefore has no merit.

## C.

The magistrate judge spends eight pages of his report evaluating Kasey's arguments concerning her mental impairments. Report & Recommendation, ECF No. 22, at 10-18. In her objections, Kasey contends that in concluding the ALJ satisfied the requirements of Social Security

6

Ruling 96-8p, the magistrate judge "erroneously ignores the fact that once the ALJ found plaintiff has moderate limitations in concentration, persistence, and pace, the ALJ was required to address these moderate limitations in his hypothetical question to the vocational expert and in his [residual functional capacity] findings." Pl.'s Obj., ECF No. 23, at 3.  This is simply incorrect.  Kasey previously raised the same argument concerning her mental limitations that she now states in her objections—that "limiting plaintiff to simple, 1 to 2 step work without further narrative discussion of plaintiff's mental [residual functional capacity], falls short of the requirements found in SSR 96-8p."  Pl.'s Obj., ECF No. 23, at 3; see Pl.'s Summ. J. Br., ECF No. 16, at 17.  The magistrate judge addressed that argument in painstaking detail, setting forth the requirements of SSR 96-8p, the specific findings by the ALJ, the limited medical documentation of Kasey's mental impairments in the record, and engaging in an in-depth discussion of numerous cases bearing on the issue.  Report & Recommendation, ECF No. 22, at 12-18.  Kasey may disagree with the magistrate judge's conclusion, but it is inaccurate to say that he "ignores" her argument.

Kasey also argues that the magistrate judge erred by finding the ALJ properly took into account her moderate limitations in concentration, persistence and pace in the hypothetical questions he posed to the vocational expert at the administrative hearing.  She contends "[t]he Report and Recommendation erroneously treats the ability to perform simple unskilled work as the same as the ability to stay on task." Pl.'s Obj., ECF No. 23, at 4.  In support of this objection, Kasey points to Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), Wiederholdt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005), and Sexton v. Colvin, 21 F. Supp. 3d 639, 642-43 (W.D. Va. 2014).  All three of these cases are cited by the magistrate judge in a very thorough and thoughtful discussion of this argument, which Kasey previously raised on summary judgment.  Kasey is correct that in Mascio, the Fourth Circuit agreed with other circuits that have held "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question

7

to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (citing Winschel v. Comm'r of Soc.
Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). But the real problem in Mascio was the lack of
explanation given by the ALJ. The Fourth Circuit stated:

> Perhaps the ALJ can explain why Mascio's moderate limitation in
> concentration, persistence, or pace at step three does not translate
> into a limitation in Mascio's residual functional capacity. For
> example, the ALJ may find that the concentration, persistence, or
> pace limitation does not affect Mascio's ability to work, in which case
> it would have been appropriate to exclude it from the hypothetical
> tendered to the vocational expert. See [Winschel, 631 F.3d] at 1181.
> But because the ALJ here gave no explanation, a remand is in order.

780 F.3d at 638. The Winschel case, on which Mascio relies, recognized that "when medical
evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite
limitations in concentration, persistence, and pace, courts have concluded that limiting the
hypothetical to include only unskilled work sufficiently accounts for such limitations." 631 F.3d at
1180 (citing Simila v. Astrue, 573 F.3d 503, 521–22 (7th Cir. 2009); Stubbs–Danielson v. Astrue, 539
F.3d 1169, 1173–76 (9th Cir. 2008); Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001)). The
Winschel court went on to state:

> Additionally, other circuits have held that hypothetical questions
> adequately account for a claimant's limitations in concentration,
> persistence, and pace when the questions otherwise implicitly account
> for these limitations. See White v. Comm'r of Soc. Sec., 572 F.3d
> 272, 288 (6th Cir. 2009) (concluding that the ALJ's reference to a
> moderate limitation in maintaining "attention and concentration"
> sufficiently represented the claimant's limitations in concentration,
> persistence, and pace); Thomas v. Barnhart, 278 F.3d 947, 956 (9th
> Cir. 2002) (concluding that the hypothetical question adequately
> incorporated the claimant's limitations in concentration, persistence,
> and pace when the ALJ instructed the vocational expert to credit fully
> medical testimony related to those limitations).
>
> In this case, the ALJ determined at step two that Winschel's mental
> impairments caused a moderate limitation in maintaining
> concentration, persistence, and pace. But the ALJ did not indicate
> that medical evidence suggested Winschel's ability to work was
> unaffected by this limitation, nor did he otherwise implicitly account
> for the limitation in the hypothetical. Consequently, the ALJ should

8

have explicitly included the limitation in his hypothetical question to
the vocational expert.

631 F.3d at 1180-81.

Based on this case law, the magistrate judge aptly reasoned in the instant case:

> Mascio does not broadly dictate that a claimant's moderate impairment in concentration, persistence, or pace always translates into a limitation in the [residual functional capacity]. Rather, Mascio underscores the ALJ's duty to adequately review the evidence and explain the decision, especially where, as the ALJ held in Mascio, a claimant's concentration, persistence or pace limitation does not affect the ability to perform simple, unskilled work. The ALJ has the responsibility to address the evidence of record that supports that conclusion.

Report & Recommendation, ECF No. 22, at 14. Following a detailed analysis, the magistrate judge reached the conclusion that, "ample evidence exists to support the ALJ's conclusion that Kasey is capable of performing simple, one-to-two-step task despite her moderate limitation in concentration, persistence, or pace." Id. at 16. The magistrate judge noted the fact the ALJ's question to the vocational expert "went further than just asking about a hypothetical ability to perform unskilled work, but instructed the vocational expert to consider the individual's ability to 'understand, remember, and carry out short, simple instructions, tasks involving short, simple instructions,' and the individual's ability to adapt to routine work changes where tasks involved short, simple instructions." Id. at 16-17. Indeed, the hypothetical posed to the vocational expert[2] described, in relevant part, an individual with an eleventh grade education who is:

---

[2] Kasey argues in her objections that the magistrate judge erroneously found it to be the duty of the plaintiff to ask proper hypothetical questions to the vocational expert. Pl.'s Obj., ECF No. 23, at 6. In so arguing, Kasey mischaracterizes the magistrate judge's report, which states as an aside that "counsel did not indicate any concern that the vocational expert was being presented with an inaccurate summary of Kasey's functional limitations." Report & Recommendation, ECF No. 22, at 17. As explained herein, the magistrate judge correctly determined that the hypothetical posed to the vocational expert by the ALJ "included detailed information about how an individual with Kasey's limitations could work throughout the day," and the expert "did not indicate that he was rejecting, or in any way failing to consider, any portion of the detailed hypothetical." Id.

9

> able to understand, remember, and carry out short, simple
> instructions, tasks involving short, simple instructions; they
> are able to respond appropriately to others in such a work
> environment and respond or adapt to routine work changes in a
> work environment where such tasks involving short, simple
> instructions are carried out.  Is there work that an individual
> could do given all those parameters that exist in the national,
> regional or state economy?

(R. 53.)  The vocational expert answered in the affirmative, and the ALJ appropriately incorporated those limitations into his residual functional capacity assessment, limiting Kasey to "simple, 1 to 2 step works.  She can understand, remember and carry out short tasks for an 8-hour workday, can adapt to routine work changes, and can interact appropriately with supervisors, coworkers and the public."  (R. 20.)

Kasey does not point to any specific error in the magistrate judge's analysis of this issue but rather disagrees with his conclusion that the ALJ properly accounted for Kasey's limitations in concentration, persistence and pace.  Pl.'s Obj., ECF No. 23, at 5.  Kasey suggests the lack of evidence in the record of "formal testing to determine the level of her ability to sustain attention" necessitates remand because, without it, the ALJ is unable to properly determine her ability to stay on task and work given her mental limitations.  See Pl.'s Obj., ECF No. 23, at 5.  Kasey points to no authority which requires such formal testing, however; nor is the court aware of any.[3]

---

[3] In support of this argument, Kasey asserts that in the cases cited by the magistrate judge, "there was additional evidence and testing documenting plaintiff was capable [of] sustaining attention, which the ALJ relied upon in making his RFC findings."  Pl.'s Obj., ECF No. 23, at 5.  Kasey appears to be referring to the magistrate judge's citation to Claiborne v. Comm'r, No. SAG-14-1918, 2015 WL 2062184, at *3 (D. Md. May 1, 2015), which in turn cited Dean v. Comm'r, No. SAG-14-1127, 2015 WL 1431548, at *1-2 (D. Md. Mar. 26, 2015).  The Claiborne court remanded the case because the ALJ determined at step three that claimant had moderate difficulties in concentration, persistence and pace but his residual functional capacity assessment contained no limitations whatsoever addressing these difficulties, nor did the ALJ provide an explanation for this contradictory conclusion.  The court distinguished the facts in that case from Dean, in which the ALJ gave a clear explanation of why, despite moderate limitations in concentration, persistence or pace, the claimant would not have issues persisting in a given task.  While the evidence before the ALJ in Dean happened to include results of a neuropsychological evaluation and Wechsler Adult Intelligence Scale, that case in no way stands for the proposition that such formal testing is required to determine a claimant's functional capacity in cases in which moderate limitations in concentration, persistence and pace are assessed.

10

The magistrate judge thoroughly evaluated Kasey's argument concerning her mental impairments and determined that "the medical evidence overwhelmingly supports the conclusion [reached by the ALJ] that despite her moderate limitation in concentration, persistence, or pace, Kasey is capable of performing the basic mental demands of simple, one-to-two-step work." Report & Recommendation, ECF No. 23, at 17-18. The court agrees that, considering the record as a whole, substantial evidence supports the ALJ's determination that Kasey can perform "simple, 1 to 2 step works" and "understand, remember and carry out short tasks for an 8-hour workday" (R. 20) given her mental impairments.

## D.

Finally, Kasey objects to the magistrate judge's conclusion that the ALJ's credibility findings are supported by substantial evidence. Kasey reiterates the argument she raised on summary judgment that the ALJ's description of her testimony as "inconsistent" reflects a misunderstanding of how much she relies on others to help her with household duties and provides a basis for remand. Pl.'s Obj., ECF No. 23, at 7; Pl.'s Summ. J. Br., ECF No. 16, at 22. She cites as error the magistrate judge's statement that she does not "dispute the evidence cited by the ALJ in support of his credibility finding," Report & Recommendation, ECF No. 22, at 20, arguing she does, in fact dispute the evidence cited by the ALJ. But that is of no moment. Kasey fails to point to any error in the magistrate judge's analysis of the ALJ's credibility determination other than the fact he disagrees with her argument. The court finds no error in the report. It is plain the ALJ conducted a proper credibility analysis in this case and sufficiently explained his reasons for finding Kasey's allegations as to her degree of functional limitation not to be credible. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and

11

Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Kasey properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

12

An appropriate Order will be entered to that effect.

>Entered: September 21, 2015
>
>*/s/ Michael F. Urbanski*
>
>Michael F. Urbanski
>United States District Judge